# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4274

_____

| | | |
|---|---|---|
| James E. Weber, Trustee of the James E. Weber Revocable Trust u/d 2/18/04, | * * * * | |
| Plaintiff-Appellant, | * * | |
| v. | * * | Appeal from the United States District Court for the |
| Iowa State Bank and Trust Company of Fairfield, Iowa; Iowa State Financial Services Corporation; Bill Adam; Nelson Anderson; Joe Carr; Sarah Cochran; David C. Eastburn; Mike Greiner; Pat McMahon; Jay Silverman; Jon Simplot; Tom Thompson; Steve Triplett, | * * * * * * * * * | Southern District of Iowa.<br><br>[PUBLISHED] |
| Defendants-Appellees. | * | |

_____

Submitted: May 17, 2006
Filed: August 10, 2006

_____

Before WOLLMAN, BRIGHT, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

James Weber, a former shareholder of Iowa State Bank and Trust Company of Fairfield, Iowa ("the Bank"), sued the Bank over its decision to enact a reverse stock

split that effectively eliminated Weber's shares. The district court[1] granted the Bank's motion for summary judgment, dismissing Weber's action, and Weber now appeals. We affirm.

We state the undisputed facts. For more than fifty years, Weber, a Florida resident, held a minority of shares in the Bank. In 1999, defendant Iowa State Financial Services ("Holding Company") formed to purchase the Bank's outstanding shares. Most of the Bank's shareholders were given the option to transfer their shares in the Bank into Holding Company shares. Weber, along with certain other shareholders outside of Iowa, was not given the option to transfer his shares; he was given the choice of keeping his Bank stock or accepting cash for the shares. Weber chose to keep his shares in the Bank.

In the fall of 2004, the Bank decided to effectuate a reverse stock split for the purpose of eliminating the Bank's minority shareholders. This would allow the Bank to reduce some costs and simplify some corporate procedures. The Bank informed Weber that he could seek an appraisal if he felt the Bank had underpaid him for his shares. Weber did not seek an appraisal. Instead, he filed the instant lawsuit, contesting the Bank's right to engage in a reverse stock split.

Iowa law specifically states that an appraisal is the sole and exclusive remedy for a shareholder in the event of a reverse stock split.[2] Iowa Code § 490.1302.4.

---

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

[2]Iowa Code section 490.1302.4. states

A shareholder entitled to appraisal rights under this chapter is not entitled to challenge a completed corporate action for which appraisal rights are available unless such corporate action meets one of the following standards:

Under section 490.1302.4., a shareholder is "not entitled to challenge a completed corporate action for which appraisal rights are available." As the district court observed in its expansive and well-reasoned opinion, this shareholder and appellant completely failed to follow the statutory prerequisites for a determination of the value of his stock above what the Bank offered. Under these circumstances, the district court properly dismissed Weber's claim. <u>Weber v. Iowa State Bank of Fairfield, Iowa, et al</u>, No. 4:05-CV-79 (Oct. 25, 2005).

We AFFIRM.

_____

a. It was not effectuated in accordance with the applicable provisions of division X, XI, or XII or the corporation's articles of incorporation, bylaws, or board of directors' resolution authorizing the corporate action.

b. It was procured as a result of fraud or material misrepresentation.

(Weber does not assert that he meets either of the listed exceptions.)